*Husband and wife — Order of support — Amount — Excessive order—Reduction.*

In proceedings to compel an order of support, the foundation on which the judgment of the court must rest, is the right of the wife to such support as she may reasonably expect from one in the financial condition of the respondent.

The purpose of a proceeding of this character is not to punish the respondent for his conduct toward his family, but to secure such an allowance for their support as is reasonable under the

302  COMMONWEALTH ex rel. *v.* SHERRITT, Appel.

circumstances, having in view the ability of the respondent to pay and the conditions in which the family live.

An order of support requiring the payment of $125 per week will be reduced to $4,000 per year, where the evidence of the financial standing of the defendant warrants such a reduction.

Argued April 18, 1924.  Appeal, No. 68, Oct. T., 1924, by defendant, from the order of the Municipal Court of Philadelphia, Jan. T., 1922, No. 14, dismissing petition for reduction, and order requiring entry of security in the case of Commonwealth ex rel. Maude N. Sherritt v. Max A. Sherritt.  Before ORLADY, P. J., HENDERSON, TREX-LER, KELLER, LINN and GAWTHROP, JJ.  Reversed.

Petition for reduction of order of support.  Before BROWN, J.

The court dismissed the petition.  Petitioner appealed.

*Error assigned* was the decree of the court.

*H. P. Felger,* of *Golder & Felger,* for appellant, cited: Com. ex rel. v. Kramer, 80 Pa. Superior Ct. 210; Lynn v. Lynn, 68 Pa. Superior Ct. 324; McClurg's App., 66 Pa. 366; Betz v. Betz, 70 Pa. Superior Ct. 396.

*John H. Maurer,* Assistant District Attorney, and with him *Franklin E. Barr,* Assistant District Attorney, and *Samuel P. Rotan,* District Attorney, cited: Com. v. Betts, 76 Pa. Superior Ct. 96; Com. v. May, 77 Pa. Superior Ct. 40; Com. v. McCoy, 81 Pa. Superior Ct. 191.

OPINION BY HENDERSON, J., July 2, 1924:

On December 23, 1921, the court entered an order on the defendant for the payment of $125 a week for the support of his wife.  This case arises on an appeal from the refusal of the court to reduce that allowance as requested in a petition presented January 22, 1924.  The single question for consideration is whether since the

granting of the order of December 23, 1921, the financial condition of the defendant has so changed that a reduction of the amount should be made? A considerable volume of evidence was taken on the subject from which we think it clearly appears that the respondent's ability to pay had been very much reduced at the time the determination of the pending application was had. Conceding all that is said by the learned counsel for the appellee we are nevertheless required to dispose of the case in the light of the defendant's ability to pay. We have examined the evidence with care for the purpose of arriving at a proper conclusion on that subject. It was shown that during the years 1920, 1921, 1922 and 1923, the defendant drew a large sum of money from the Sherritt and Stoer Company of which he was a member, in addition to his salary of $6,000 per year. Included, however, in the total amount was his expense as a traveling representative of the company. But it is also clear that he is not now a stockholder or officer of that corporation and was not at the time of the hearing. It is uncontradicted that he sold his interest in the business for $50,000 on what was said to be a bona fide sale and that is not controverted by evidence. He has his home valued at $45,-000 which is unproductive because it is the residence of his wife. It is also mortgaged to the amount of $25,000. In addition he has the income from the rent of a small house amounting to two or three hundred dollars a year. The purpose of a proceeding of this character is not to punish the respondent for his conduct toward his family, but to secure such an allowance for their support as is reasonable having in view the ability of the respondent to pay and the condition in which the family live. While the criticisms of the defendant's conduct may be well founded, they do not aid us in the financial calculation which is presented by the appeal. It may be assumed from the evidence that the defendant is a man of business ability and capable of earning a good salary. The evidence shows that he told his wife he had been offered

$10,000 a year by a concern in Chicago, and his management of the company with which he was formerly connected is evidence of his business capacity. He was not employed however at the time the order in question was made and had no income therefore from such a source. He had $48,000 invested in bonds and the income from the rented house referred to. Giving credit to all that appears from the evidence as to his financial ability including an earning capacity of from six to ten thousand dollars a year, it does not appear that his income is now sufficient to warrant an allowance of the amount fixed by the order made by the court in 1921. That he has made payments under compulsion is probably true, but the statute was enacted for the purpose of subjecting the respondent to duress if he failed to act voluntarily. It is reasonable to assume that the defendant has now or can readily procure employment at a remunerative salary, and we have taken that into consideration in disposing of the question before us. The foundation on which the judgment of the court must rest is the right of the wife to such support from her husband as she might reasonably expect from one in his financial situation. The married relation still continues, yet it is not the prerogative of the court to divide his estate. The income received by the defendant during the prosperous period of business with which he was connected may have been improvidently spent, but we have no means in a proceeding of this character to correct his extravagance or imprudence. Our conclusion is that the order of December 23, 1921, should be modified by reducing the amount to $4,000 per year in view of the changed circumstances of the defendant. Orders of this character are subject to revision as the financial ability of the party may make equitable. For the present we deem the sum above named as an equitable allowance. The order of the court is therefore reversed and the petition of January 7, 1924, praying for a reduction of the order, made December 23, 1921, is reinstated. It is

now ordered that the allowance to the wife of the defendant be fixed at the sum of $4,000 per annum to be paid in weekly installments. The order to take effect June 1, 1924. The cost to be paid by the appellant.