## Commonwealth ex rel *v.* Milne, Appellant.

*Domestic relations—Parent and child—Grandchildren—Order of support.*

An order of the Municipal Court, requiring a grandparent to contribute $250.00 per month for the support of his grandchildren, will be reversed, where it appears that the father of the children is living and contributing a reasonable amount for the maintenance of his family under an order of the Court.

A petition for an order of support against a grandfather should be dismissed where the evidence, although it established the dependency of the children and the ability of the paternal grandfather to comply with an order of support, fails to establish that the father is unable to support the children.

There is no legal duty imposed on any grandparent to support his grandchildren as long as the father is able to, and does, provide for them. The primary obligation of support rests on the father.

The jurisdiction of the Municipal Court of Philadelphia County, conferred by the Act of July 12, 1913, P. L. 711 and its amendments does not differ in any material respects from that conferred upon the Court of Quarter Sessions, in the rest of the Commonwealth. The proceeding is essentially one under the Poor Laws for the relief of poor persons, including children, unable to work and maintain themselves. While it is not essential that they should be legally declared to be paupers, it is necessary that the petitioners be without means and unable to depend upon their own exertions for their maintenance and support.

Argued October 21, 1926. Appeal No. 212, October T., 1926, by defendant from judgment of M. C. Philadelphia County, February Sessions, 1924, No. 513, in the case of Commonwealth of Pennsylvania ex rel. Frederico L. Milne, v. Caleb J. Milne, Jr. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, and CUNNINGHAM, JJ. Reversed.

Petition for order of support. Before. BROWN, J.

The facts are stated in the opinion of the Superior Court.

The Court ordered the respondent to pay for the support of his grandchildren in the sum of $250 per month. Respondent appealed.

*Error assigned,* among others, was the decree of the Court.

*Robert P. Shick,* for appellant.—The support of the children is primarily on a father and on the grandfather, secondarily: Lafferty's Est., 147 Pa. 283 at 285; Idem-Guardians v. Smith, 4 Clark 60; Seibert's App., 19 Pa. 49; Duffey v. Duffey, 44 Pa. 399; Wall's Est., 2 Pa. D. R. 580; Com'th v. Sparr, 8 Pa. D. R. 380; People v. Ramm, 197 N. Y. Supp. 234.

*Hampton L. Carson,* and with him *Franklin E. Barr,* Assistant District Attorney, *Charles Edwin Fox,* District Attorney, *Geoffrey S. Smith* and *Charles J. Biddle,* for appellee.

OPINION BY KELLER, J., March 3, 1927:

This is a proceeding for support brought by three minor grandchildren, acting by their mother and next friend, against their paternal grandfather. The grounds alleged in the petition as justifying an order of support are: That they are poor and unable to work; that their father is unable to sustain them; that they have no estates of their own, nor has their mother any estate of her own, and they are dependent; and that their grandfather, the defendant, has ample means to support them but will not. The lower court ordered the defendant to pay the sum of two hundred and fifty dollars a month for his grandchildren's support. He appealed to this court.

It is unfortunate that the court below did not heed the admonition of the learned counsel for the appellees in opening his testimony, to wit, that the case was entirely independent of any other proceedings had before the court. Some confusion and consequent error would have been avoided had it done so. The case did not form any part of the prior proceedings for support brought by the mother on behalf of her-

self and children against her husband and their father for support. They were entirely separate, and should have been separately docketed to distinct numbers and terms. If the record in the prior proceeding or any part of it was deemed relevant in this case it should have been offered and admitted in evidence just as any other testimony.

The evidence in the case establishes that the children are too young to work; that neither they nor their mother have any separate estates of their own; and that the paternal grandfather has ample property to comply with the order. It fails, however, to establish the important averment in the petition, that their father is unable to support them.

The record discloses that over two years before the present action was begun, Frederica L. Milne filed her petition in the Municipal Court setting forth that her husband, Caleb J. Milne, 3d, had separated himself from his wife and three children aforesaid, and praying the court to make an order of support against him for herself and children; and that pursuant thereto the court ordered him to pay his wife, for the support of herself and children, the sum of two hundred dollars per month, and leave their common domicile. That subsequently on petition of the husband, the order was modified and reduced to one hundred and fifty dollars per month. It was also shown that the husband had no real estate or property of his own but was earning a salary of $3,000 a year, out of which he was paying the amount ordered to be paid as aforesaid for the support of his wife and children.

Such being the case, the averment that he was unable to maintain his children is not sustained by the proof, which shows that out of his earnings he is paying for the support of his wife and children an amount adjudged by the court to be reasonably adequate. While

it is proper in orders for support of wife or children that the station in life of the parties should be considered, it must be remembered that it is the station of the husband and father which governs, not that of his parents or his wife's parents. This principle was very clearly and concisely stated by our Brother TREXLER in Com. v. Bowie, 89 Pa. Superior Ct. 288, when he said, in a proceeding against a father for the support of his child: "The station of life of this child is to be determined by the condition of the father and not of the wife's parents." A man who is earning three thousand dollars a year cannot be treated as a destitute or dependent person. Many men are supporting their families in comparative comfort on that amount or less. But it will not justify family expenditures disproportionate to such income. It would seem that $1,800, or three-fifths of that income, is a reasonable proportion to be paid for the support of his wife and three children living apart from him, and should probably be sufficient to maintain them in the condition of life they would occupy if they were living with him in the family relation; and that is all they have a right to ask. While in such circumstances opulent grandparents, moved by their affection for their children or grandchildren, may very properly add to the comfort of those dear to them, there is no legal duty imposed on them to do so, as long as the father is able to and does provide for them. The primary obligation of support rests on the father: Keller v. Com., 71 Pa. 413; Lafferty's Est., 147 Pa. 283, 285.

But appellees rely on the fact that the lower court, coincident with its order on the grandfather appellant amended its order against the father by directing that the $150 per month to be paid by him should be for the support of the wife alone and that said order be

vacated as to the children. This was a result of the unfortunate and improper attempt to commingle the two proceedings referred to above. Application for the amendment of that prior order was made by counsel for these appellees during a hearing on the proceeding against this appellant, (Caleb J. Milne, Jr.) to which the husband (Caleb J. Milne, 3d) was not a party, nor present in court, nor represented by counsel, and in which he had not appeared in any capacity. No rule was served upon him nor notice given him of such application, nor chance nor opportunity afforded him to be heard in the matter; nor is there anything in the record to show that the amended order was ever served upon him or notice given him of its changed effect. It was an attempt to enter an inappropriate order in one proceeding and make it effective in an entirely different proceeding, without notice or warning to the party affected thereby, and may be treated as a nullity. Furthermore, the amended order was, in the circumstances shown in this case and found by the lower court to exist, beyond the power of that court legally to make. It purported to award the wife for her support three-fifths of her husband's annual income and earnings, as fixed by the court at $3,000. The Act of February 26, 1817, 6 Sm. L. 405, permits the court to allow a wife who has obtained a decree of divorce from bed and board, by reason of his abandonment, cruel and barbarous treatment, etc., "such alimony as the husband's circumstances will admit of, so as the same do not exceed one-third of his estate or of his occupation and labor." See McClurg's App., 66 Pa. 366. We have held that by analogy thereto the same rule should apply in orders for support pendente lite, (Lynn v. Lynn, 68 Pa. Superior Ct. 324), and in proceedings for maintenance (Com. v. Kramer, 80 Pa. Superior Ct. 210). While the maximum limit

of $100 per month for the support of wife and children fixed by the Act of April 13, 1867, P. L. 78, has been repealed (Act of March 5, 1907, P. L. 6), there is nothing in subsequent legislation to indicate any departure from the settled policy that the amount awarded for the support of a wife should not exceed one-third of the income from the property and labor of the husband.

The jurisdiction committed to the Municipal Court of Philadelphia County in these proceedings by the Act of July 12, 1913, P. L. 711 and its amendments, including the Act of July 17, 1917, P. L. 1015, does not differ in any material respects from that conferred on the Court of Quarter Sessions in the rest of the Commonwealth. The proceeding is essentially one under the poor laws for the relief of poor persons, including children, unable to work and maintain themselves. While it is not essential that they should be legally declared to be paupers: Phila. v. Hays, 56 Pa. Superior Ct. 352, it is necessary that the petitioners be without means and unable to depend on their own exertions for their maintenance and support: Ibid, p. 355. This is what was intended by the Act of April 15, 1857, P. L. 191, cited by appellees in their supplemental brief, which provides that the Courts of Quarter Sessions "shall have power to hear, determine and make orders and decrees, in all cases arising under the 28th section of the Act of June 13, 1836 [P. L. 547], either upon the petition of the overseers of the poor, or of any other person or persons having an interest in the support of said poor person or persons, and either with or without an order of relief having been first obtained." The "order of relief" here referred to is the technical order necessary to be obtained for the relief of a poor person by the Act of 1836 (Sec. 6, p. 542) before they can receive relief from the overseers of the poor out of the poor funds of the district. It has no reference

whatever to an order on a grandfather, following an order on the father, as suggested in the brief. Section 28 of the Act of 1836, and its predecessors along the same line (Sec. 29 of the Act of March 9, 1771, 1 Sm. L. 332, 344; Sec. 29 of the Act of March 29, 1803, 4 Sm. L. 50, 65), are all modeled on section 7 of the Act of 43 Eliz. c. 2, which provided "That the Father and Grandfather, and the Mother and Grandmother, and the Children of every poor, old, blind, lame and impotent Person, or other poor Person not able to work, being of sufficient ability, shall at their own charges, relieve and maintain every such poor Person in that Manner, and according to that Rate, as by the Justices of the Peace of that County where such sufficient Persons dwell, or the greater Number of them, at their General Quarter Sessions, shall be assessed; upon Pain that every one of them shall forfeit twenty Shillings for every Month, which they shall fail therein." The orders of the justices pursuant to said statute were reviewable in the Court of King's Bench, not in Chancery. See Salkeld's Reports pp. 523-536 inc.; Skinner's Reps. p. 556; 2 Bulstrode 344-347; 16 Viner's Abr. 417-423. The cases in Chancery cited by the learned counsel for appellees were all concerned with (1) the estates of minors or (2) proceedings for their custody, which are not here involved. They were not concerned with orders for relief under section 7 of the statute of 43 Eliz. c. 2, or proceedings analogous to this case. See Wellesley v. Duke of Beaufort, 2 Russell C. C. 1, pp. 23, 30; The Queen v. Joyce, 16 Viner's Abr. 423.

We are of opinion that in the circumstances here present the court below was without authority to make the order appealed from and to that extent sustain the third and sixth assignments of error. The order is reversed.