## Commonwealth v. Gilleland, Appellant.

*Husband and wife — Support —Amount —Appeals — Assignment of error—Exceptions.*

In a proceeding for support brought by a wife against her husband the amount of an order for support will be reduced where the evidence showed that it exceeded one-third the husband's income.

The settled policy in such cases is that the amount awarded shall not exceed one-third the income from the property and labor of the husband.

Assignments of error founded on rulings of the trial judge, to which no exceptions were taken, will be dismissed.

Argued March 12, 1928. Appeal No. 1499, April T., 1928, by defendant from order of Q. S., Fayette County, No. 287, December Sessions, 1927, in the case of Commonwealth of Pennsylvania v. Edmund Gilleland. Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Modified and affirmed.

Prosecution for desertion and non-support. Before HENDERSON, J.

The facts are stated in the opinion of the Superior Court.

The court made an order of seventy-five dollars a month. Defendant appealed.

*Error assigned,* among others, was the order of the court.

*Anthony Cavalcante,* for appellant.

*Henry Eastman Hackney,* and with him *N. W. Rosenberg,* District Attorney, for appellee.

OPINION BY GAWTHROP, J., April 16, 1928:

This is a proceeding for support brought by a wife against her husband. The court below entered an order on the defendant for the payment of $75 per month. He brought this appeal. Three questions are stated, the first and second of which are based upon assignments of error which are defective, because they are founded upon rulings of the trial judge to which no exceptions were taken. Therefore, they are dismissed without consideration.

The single question for consideration is whether the discretion of the court below was properly exercised in fixing the sum to be paid by the defendant at $75 per month. If there is any competent evidence in the record to warrant the making of an order in that amount, this court will not disturb it by substituting its judgment for that of the court below: Com. ex rel. v. Leonard, 93 Pa. Superior Ct. 21 (No. 299, October T., 1927); Com. ex rel. v. Slade, 91 Pa. Superior Ct. 533. We have examined the evidence with care for the purpose of arriving at a proper conclusion on this question. It appears that the husband was employed by an electric power company as a laborer at sixty-five cents per hour. He testified that his average salary was about $170 per month, but that he tried to make "every cent" that he could; that in some months he made scarcely anything by extra work, but that his average total earnings were "close to" $200 per month; and that he has no other source of income. The separation of the parties occurred November 14, 1927. The wife

admitted that for at least two years prior to that time she was employed in a department store at a salary of $22 per week and held the position at the time of the hearing. The parties have no children. As we said in Com. ex rel. v. Sherritt, 83 Pa. Superior Ct. 301, and repeated in Com. ex rel. v. Leonard, supra, the purpose of a proceeding like this is not to punish the defendant but to secure an allowance for his family which is reasonable, having in view his ability to pay and the conditions under which the family lives; the foundation on which the judgment of the court must rest is the right of the wife to such support from her husband as she might reasonably expect from one in his financial situation. A brief calculation shows that if the defendant should work eight hours per day for thirty days in each month his earnings from that source would amount to $156. It can scarcely be assumed that he makes full time, thirty days in a month. Even though it be assumed that he does, and is able to find time for outside employment and bring his monthly earnings up to $200, we are not persuaded that the evidence warrants the order made. The settled policy in these cases is that the amount awarded should not exceed one-third of the income from the property and labor of the husband: Com. ex rel. v. Slade, supra; Com. v. Milne, 90 Pa. Superior Ct. 68, 73. The order appealed from is in conflict with that policy. We find no special circumstances warranting the departure, but on the contrary are of one mind that in view of the salary earned by the wife by employment which she engaged in for a long time prior to the separation and is now receiving, the order of the court below is unreasonable and excessive and should be modified by reducing the amount to $50 per month.

The order of the court below is therefore modified and it is ordered that the defendant pay to his wife for her support the sum of $50 per month from November 26, 1927, and give bond or enter into a recogniz-

ance, with security to be approved by the court below, or a judge thereof, in the sum of $500, for the faithful performance of this order, and pay the costs in the court below and in this court, and stand committed until the order is complied with.