Commonwealth of Pennsylvania v. John W. Cleary, Appellant.

Argued March 12, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*William C. Alexander,* for appellant.—The order of the court was excessive under the circumstances: Commonwealth v. Leonard, 93 Pa. Superior Ct. 21; Commonwealth ex rel. v. Sherritt, 83 Pa. Superior Ct. 301; Lynn v. Lynn, 68 Pa. Superior Ct. 324, 329; Commonwealth v. Kramer, 80 Pa. Superior Ct. 210, 212.

*Louis A. Bloom,* Assistant District Attorney, and with him *William J. MacCarter, Jr.,* District Attorney, for appellee.—The order should not be disturbed where there was evidence to support it: Commonwealth v. Gilleland, 93 Pa. Superior Ct. 307; Commonwealth v. May, 77 Pa. Superior Ct. 40; Commonwealth v. Slade, 91 Pa. Superior Ct. 533.

OPINION BY KELLER, J., April 10, 1929:

Proceedings for non-support of his six year old child were brought against the defendant under the Act of April 13, 1867, P. L. 78. Overlooking the provisions of the Act of April 27, 1909, P. L. 260, defendant was bound over for the *next* court of quarter sessions of Delaware County. On these proceedings

an indictment seems to have been found under the Act of March 13, 1903, P. L. 26 (or July 12, 1919, P. L. 939) to which after a hearing before the court on the non-support charge, the defendant pleaded guilty in lieu of giving security to comply with the order of support. The indictment charged him with desertion of his wife, the complainant, as well as of his minor daughter, and wilful neglect to maintain them both; though the undisputed testimony on the hearing was that the complainant had obtained a divorce from him over two years before and that he had married again. From the order of support of $75 a month entered in favor of the child on this somewhat anomalous record the defendant has appealed.

We are concerned with the income and earning ability of the defendant at the time the order was made. His income several years ago in another county and under different conditions is of little relevancy. It is undisputed that his optometrical business in Clearfield, Pennsylvania, was sold out by the sheriff in May, 1928. He testified that to engage on his own account in the business in Philadelphia or Delaware County would require considerable capital which he does not possess. No attempt was made to contradict this evidence. He also testified that opticians working for others as employees do not average $35 a week. This was not denied except by reference to a circular hereinafter referred to.

Several months after the sale of his effects by the sheriff he interested a man named Rubenstein in the starting of an optical institute in Philadelphia to train opticians. He said he suggested it because he could find no other employment at the time. A corporation was formed and he was engaged as an instructor at a weekly salary of $25. The capital was furnished by Rubenstein and he received all the capital stock, except one share which was placed in defendant's name. Because of his being "known optically," de-

fendant was named president of the Optical Institute, but he is only an employee, and subject to dismissal. [It was stated on the oral argument of the appeal that he had since been dismissed from this employment.] He offered to give a representative of the court an opportunity to examine the records of the school and verify his statements as to its earnings and the salary he was receiving. In a circular issued by the school to prospective students it was stated that "a trained optician earns from two hundred to five hundred dollars a month;" but defendant explained the statement by saying they could earn it if they had capital to establish themselves in business. The complainant produced no testimony tending to show that defendant's earnings or earning capacity were greater than he had testified.

The defendant should support his daughter to the best of his ability. Her present afflicted condition appeals strongly to one's sympathies, and we appreciate the feeling which the learned judge of the court below expressed on the hearing. But an order of support greater than the defendant can reasonably pay in his present circumstances will be of advantage to nobody. Such orders are always subject to change and may and should be increased as the father's circumstances improve. The purpose in view is the support and welfare of the child, not the punishment of the father, and the order should be for an amount justified by the reasonable present earning ability of the father, making reasonable allowance for his own living expenses. It is but fair to state that defendant's second marriage has imposed no financial burden on him. His wife works and supports herself and he has only his own boarding, lodging and clothing to pay for.

A careful review of the record fails to disclose any evidence of defendant's present earnings or earning capacity which justifies an order of $75 per month for the child. We consider the evidence of his income

when engaged in the optometrical business at Clearfield on his own account as of little or no bearing in the present issue; and give no weight to the rosy statement in the prospectus of the Optical Institute.

The case is easily distinguishable on the facts from the cases cited by appellee. In Com. v. Sherritt, 83 Pa. Superior Ct. 301, the defendant was the owner of real estate, had $48,000 invested in bonds, and an earning capacity of from $6,000 to $10,000 a year, though not employed at the time of the hearing. We reduced the order of support for the wife from $125 to about $75 per week. In the Stees Case, 93 Pa. Superior Ct. 232, the order of support for the child, $2.50 per week, was so small that the court could take judicial notice of the ability of the mother, an able-bodied house-wife, to earn and pay it. In Com. v. Leonard, 93 Pa. Superior Ct. 21, we reduced the order from $35 to $25 per week, for the support of wife and child, and took into consideration in fixing the amount the evidence as to the earning ability of the defendant as an employee in the business in which he had been trained, which was more than he was then receiving. In Com. v. Gilleland, 93 Pa. Superior Ct. 307, we reduced the order for support of the wife from $75 to $50 per month because the evidence failed to show that defendant's earnings or earning ability exceeded $150 a month. In Com. v. Slade, 91 Pa. Superior Ct. 533, the order was reduced from $35 to $20 per week, where the credible evidence was that defendant's income from his profession averaged $45 per week and the court was not satisfied that his income from other sources exceeded $15 a week. In the present case defendant has no property. His income at the time of hearing was $25 a week, but considering his earning capacity, as an employee, in the business or profession in which he has been trained, we find no evidence that it now exceeds $35 per week, or $150 a month. If as time goes on the defendant is able to establish himself

in business or secure a better income than the evidence now indicates, he should pay more for the support of his child, at least as long as her health is impaired; but at present we can find no evidence which justifies an order greater than $50 a month. The order of support is accordingly modified to $50 a month. Costs on this appeal to be paid by appellant.