Commonwealth of Pennsylvania v. Burton, Appellant.

Argued April 30, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*William T. Connor,* and with him *John R. K. Scott,* for appellant, cited: Commonwealth v. Richards, 131 Pa. 209; Miller v. Miller, 284 Pa. 414.

*John C. Bell, Jr.,* and with him *E. LeRoy Van Roden* and *William J. MacCarter,* District Attorney, for appellee, cited: Commonwealth v. Leonard, 93 Pa. Su-

perior Ct. 21; Commonwealth v. Sherritt, 83 Pa. Superior Ct. 301.

OPINION BY LINN, J., July 8, 1931:

Appellant complains of an order of support for his wife made pursuant to the Act of April 13, 1867, P. L. 78; 18 PS sections 1251 etc.

He contends (1) that an agreement of separation prevents the entry of an order; and (2) that, in any event, the amount ordered to be paid is excessive.

1. Com. v. Richards, 131 Pa. 209, and cases following it, hold that a valid agreement of separation may bar an order for support. But appellant has not shown that he made such an agreement with his wife. He attempted to spell out one, by stating on the record that, in the words of his counsel, "years ago" ...... "we" [counsel for husband and wife] "agreed upon an order of fifteen dollars a week, and then there were some payments about the house where she lived, and it has continued for all these years. No actual order was made. The proceedings here [at that time, in the quarter sessions, not the present suit] ceased, discontinued......" Pursuant to that arrangement, the wife received $15 a week and was permitted to occupy a house, owned by appellant, free of taxes and other charges. Such an informal arrangement is no bar; it would require something more adequate and comprehensive to take away her right to proceed under the act of 1867.

2. We find no reason to differ with the learned court below concerning the amount ordered to be paid; there is evidence to support it. Appellant might have supplemented the evidence and corrected any inaccuracy in the testimony offered on behalf of his wife, but he chose not to testify. He might have testified concerning his property, productive and unproductive, and to his income, gross and net. If the learned court gave

credence to, and made inferences from evidence which appellant by his own testimony could have successfully contradicted, or rationally explained, he must abide by the record as he permitted it to be made, for in the absence of manifest error, it is the practice of this court to accept the conclusions reached below.

In its opinion analyzing the evidence, the learned judge said: "If we placed his actual and potential income at $20,000 a year we feel that we would be extremely conservative......;" the court accordingly ordered appellant to pay $115 a week for his wife's support so long as she was permitted to occupy the house owned by him on terms fixed in the order. We shall not set forth the evidence on this subject, or repeat the extended analysis of it made in the opinion filed below, because our study of the records shows clearly that the conclusion reached is supported by the evidence and by our decisions: Com. ex rel. v. Sherritt, 83 Pa. Superior Ct. 301, 304; Com. ex rel. v. Knobloch, 89 ib. 216, 218; Com. ex rel. v. Leonard, 93 ib. 21, 25; Com. ex rel. v. Clearly, 95 ib. 592, 596; Com. ex rel. v. Berardino, 99ib. 537, 544.

The order is affirmed.