Commonwealth ex rel. Fort *v.* Fort, Appellant.

152

Argued October 7, 1936.

Before KELLER, P. J.,
CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES
and RHODES, JJ.

*Cornelius Haggarty, Jr.,* for appellant.

*Bryan A. Hermes,* for appellee.

OPINION BY KELLER, P. J., December 11, 1936:

The order of support appealed from in this case seems to have been entered in disregard of two well-established rulings of this court, and, consequently, will have to be modified and reduced.

(1) The purpose of an order of support, under the Act of April 13, 1867, P. L. 78, and its amendments, is not to punish the respondent for his conduct, or misconduct, towards his wife and family, but is to secure such an allowance for their support as is reasonable having in view the property, income and earning capacity of the respondent and the condition in life of the family: *Com. ex rel. v. Sherritt,* 83 Pa. Superior Ct. 301, 303; *Com. v. Leonard,* 93 Pa. Superior Ct. 21, 23; *Com. v. Gilleland,* 93 Pa. Superior Ct. 307, 309; *Com. v. Cleary,* 95 Pa. Superior Ct. 592, 595; *Com. v. McClel-*

*land,* 109 Pa. Superior Ct. 211, 213, 167 A. 367. "The foundation on which the judgment of the court must rest is the right of the wife to such support from her husband as she might reasonably expect from one in his financial situation": *Com. v. Gilleland,* supra, p. 309. The fact that for some years prior to these proceedings the respondent's mode of living was on a scale far beyond his means, and in consequence thereof he wasted and squandered a large part of his capital, did not warrant the court, by way of reprisal, to make an order that necessitated further depletion of the principal and perhaps its total exhaustion. While the orgy of spending lasted, the wife shared to some extent in the results; not as fully, no doubt, as the respondent; but that scale of living can no longer be maintained, and the order of support for the wife can rest on no such fictitious basis.

(2) This leads us to the second ruling of this court which was disregarded in the order, viz., the order must be based on the respondent's property, income and earning ability *at the time of the hearing,* not on what they may have been in the past: *Com. ex rel. v. Kramer,* 80 Pa. Superior Ct. 210, 212; *Com. v. Leonard,* supra, p. 27; *Com. v. Cleary,* supra, p. 594; *Com. v. Knobloch,* 89 Pa. Superior Ct. 216.[1]

A careful examination of the evidence in the case satisfies us, that at the time of the hearing the respondent's income from his property and earnings—and giving full consideration to his earning ability—did not exceed $225 per week, or $12,000 per year. His interest in the

---

[1] In the following cases the order was reduced because it was not based on the property, income and earning ability of the respondent at the time of the hearing: *Com. ex rel. v. Sherritt,* 83 Pa. Superior Ct. 301; *Com. ex rel. v. Slade,* 91 Pa. Superior Ct. 533; *Com. v. Gilleland,* 93 Pa. Superior Ct. 307; *Com. v. Lozier,* 96 Pa. Superior Ct. 138; *Com. ex rel. v. Snyderman,* 110 Pa. Superior Ct. 362, 168 A. 331; *Com. ex rel. v. Hirst,* 113 Pa. Superior Ct. 159, 172 A. 160.

business, formerly conducted by his father, has been dissipated and greatly diminished by withdrawals of capital. What remains of the other property he received on the death of his father, over and above what has been spent by him, is pledged as collateral security for loans to such an amount as to produce practically no net income. If it should appreciate in value so as to leave a balance, after payment of the loans, substantially increasing respondent's income above $12,000 yearly, the matter can be brought to the attention of the lower court. An income and earning capacity of $225 a week does not legally warrant an order for the wife in excess of one-third thereof, or $75 a week, which the respondent was voluntarily paying his wife, when these proceedings were begun. The order of support for the wife will accordingly be modified and reduced to $75 per week, freed of the conditions imposed in the order as to the occupancy of the home, 6900 Wissahickon Avenue, by the wife, and the payment by respondent of all carrying charges thereon. A less expensive home should be secured, and the high carrying charges stopped, if possible.

Order of August 24, 1936 reduced to $75 per week. Each party to pay his or her own costs on appeal.