## Commonwealth ex rel. Shotz *v.* Shotz, Appellant.

Argued March 14, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Cyril L. Weston,* for appellant.

*Raymond A. Speiser,* with him *Harry Kaufman,* Assistant District Attorneys, and *Charles F. Kelley,* District Attorney, for appellee.

OPINION BY BALDRIGE, J., April 13, 1938:

The wife of the appellant petitioned the municipal court to increase a support order from $10 to $20 per week for herself and children. This was followed by an application of the appellant to reduce the order. Judge BONNIWELL granted an order increasing the payments from $10 to $15 per week. This appeal followed.

The original order was made January 16, 1935, on the petition of the wife charging her husband with desertion and nonsupport, for herself and three children, then aged 15½, 12, and 3. The appellant was directed to pay $30 per week. Subsequently, a rehearing was sought, but before the proceeding was terminated, by agreement of the parties an order was entered for the payment of $20 per week. Later this amount was reduced to $10. The elder child, now 18, was formerly employed by the National Youth Administration. At present, his only income is $2 a week which he receives as a grocer's boy. This, of course, is insufficient to maintain him.

It appears from the brief facts before us that the appellant is an attorney residing in Philadelphia and is now employed as an abstractor in the Department of Forests and Waters of the Commonwealth at an annual salary of $1,860, from which he is expected to contribute to the political party with which he is affiliated $130.

He is required to be in Wilkes-Barre five days a week, returning Friday afternoon or Saturday a. m. of each week to Philadelphia. In his petition for a reduction of the order, he averred that at present he has "very little" income from his practice, but that he maintains an office in Philadelphia and has incurred numerous debts incident thereto. The wife, employed by the Works Progress Administration at $85 per month, testified that she is required to pay $25 per month rent, and that the gas and electric bills, rent, food, clothing, etc., for herself and family amount from $160 to $170 per month.

The purpose of a proceeding of this kind is not to punish the defendant for his conduct toward his family, but to obtain a reasonable allowance for their support, based upon his ability to pay and the conditions under which the family live: *Com. ex rel. Herman v. Herman*, 95 Pa. Superior Ct. 510. The lower court has a wide discretion in determining the amount a husband should pay and, ordinarily, we do not interfere, unless we are convinced there has been an abuse of discretion, as we do not undertake to substitute our judgment for that of the learned court below if there appears competent evidence to sustain the order as made.

The appellant argues that an order of support in any case should not be in excess of one-third of the total weekly income, citing *Com. v. Nugent*, 85 Pa. Superior Ct. 147; *Com. ex rel. Herman v. Herman*, supra; *Com. v. Smith*, 117 Pa. Superior Ct. 318, 178 A. 335. In each of these, as well as other cases, we have held that an order of support for a wife shall not exceed one-third of the husband's income, but we have pointed out that that rule is only applicable where the support of children is not involved. See *Com. ex rel. Snyderman v. Snyderman*, 110 Pa. Superior Ct. 362, 168 A. 331. Nor does

the fact that the wife has an earning capacity deprive her of the right to her husband's support, as that duty is imposed upon him under the law: *Com. v. Gilleland,* 93 Pa. Superior Ct. 307.

We are all of the opinion that under the facts before us we are not warranted in disturbing this order. In the event that the financial condition of either of the parties is changed, further application may be made, as the door of the court below is always open for such modification of an order as may be deemed right and just.

The appellant further complains that he has been refused the partial custody of his daughter, Esther, 5 years of age. The wife states this right was never denied him. If the father abides by the order of the court, he should have an opportunity to visit his children or have them in his temporary custody. The lower court will, no doubt, upon proper application, make an order to that effect.

Order of the learned court below is affirmed, costs to be paid by appellant.