Com. ex rel. Simmler, Appellant, v. Simmler.

340

Argued October 27, 1938.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Albert G. Newton,* for appellant.

*Harry Sloberman,* for appellee.

Opinion by Stadtfeld, J., January 31, 1939:

On March 27, 1935, the husband and wife, the latter being the appellant in this court, entered into an agreement for the support of the wife and two children whereby the husband was to pay $130 per month or a total of $1,560 per annum. This agreement was approved by the Municipal Court of Philadelphia County and entered as part of its records. On July 26, 1938, the account showed that the husband was $1,530 in arrears. A hearing took place on that date before Tumolillo, J., pursuant to a petition previously filed by the wife in which she asked that the order be changed to $1,600

per annum for the support of *herself alone* and that the agreement be vacated as to the two children. No testimony was taken at this hearing, but the colloquies of counsel disclosed that the husband's income remained fixed at $4,800 per annum made up as follows: $4,500 per annum as a salary from the City of Philadelphia, and $300 per annum in the form of a pension from the United States Government. From the discussions of counsel, it may also be assumed that the appellee was engaged in litigation with the City of Philadelphia during which time, he was temporarily deprived of his salary, but said litigation was brought to a successful conclusion and he eventually recovered all back salaries with interest and costs, amounting to approximately $8,200, prior to the date of the hearing. Appellee's counsel made a statement at the bar of the court that the expense of the litigation was $4,000, but no testimony was taken on this point. Relator, appellant, was present at the hearing. Both parties were represented by counsel. The parties were sworn, but no testimony was taken. Both parties apparently were satisfied with the statements of counsel. The record shows, inter alia, the following colloquy between the court and relator: "The court: 'Suppose I give you one thousand dollars and instead of making an order for one-third I make it for one-fourth. Which would be the more beneficial to you to accept, the seven hundred and fifty dollars in cash and one-third under an order, or to accept one thousand dollars in cash and only get one-fourth in an order. Figure it out, and let me know the conclusion which you reach. . . . . . Which do you want? One thousand dollars and an order equalling one-fourth of his salary, or do you want seven hundred and fifty dollars and an order equivalent to one-third of his earnings, which I have a right to give her anything that I want.' The plaintiff (wife): 'I will take the order equal to one-third of his salary.' "

At the conclusion of the hearing, the court changed

the support agreement and entered a new order whereby appellant was to receive $1,600 per annum for the support of herself and her daughter, Marjorie, and whereby the arrearages were remitted to the extent of $780, the court stating that if the appellee paid $750 to his wife, that the said balance of arrearages would be remitted. This order of the court is the principal basis for this appeal.

On July 12, 1938, appellant caused a warrant of seizure to be issued and, as a result thereof, the sum of $360.14 was seized in the hands of the Liberty Title and Trust Company of Philadelphia, the garnishee, as the property of the appellee.

Subsequent to the order of July 26, 1938, and payment of $750 by respondent to the clerk of the Municipal Court of Philadelphia and receipt of said amount by the complainant (wife), the complainant proceeded with hearing on the warrant of seizure issued as of No. 30 July Term, 1938, in re *Ada May Simmler v. William Simmler,* defendant, and Liberty Title and Trust Company, garnishee, returnable August 9, 1938. On the return day of said warrant of seizure, after hearing before the Municipal Court, TUMOLILLO, J., presiding, issued an order dismissing said warrant of seizure, costs of $13.50 to be paid by petitioner.

The order of court of July 26, 1938, changing the order of support, and the order of August 9, 1938, dismissing the warrant of seizure are the matters assigned for error.

When the hearing on the warrant of seizure was had on August 9, 1938, the appellee had fully complied with the order of municipal court dated July 26, 1938, providing for the payment of $750, the effect of which payment cancelled and remitted all arrearages existing at that time.

In *Com. ex rel. Fort v. Fort,* 124 Pa. Superior Ct. 151, 188 A. 416, President Judge KELLER, said, at p. 152: "(1) The purpose of an order of support,

under the Act of April 13, 1867, P. L. 78, and its amendments, is not to punish the respondent for his conduct, or misconduct, towards his wife and family, but is to secure such an allowance for their support as is reasonable having in view the property, income and earning capacity of the respondent and the condition in life of the family: *Com. ex rel. v. Sherritt,* 83 Pa. Superior Ct. 301, 303; *Com. v. Leonard,* 93 Pa. Superior Ct. 21, 23; *Com. v. Gilleland,* 93 Pa. Superior Ct. 307, 309; *Com. v. Cleary,* 95 Pa. Superior Ct. 592, 595; *Com. v. McClelland,* 109 Pa. Superior Ct. 211, 213, 167 A. 367. 'The foundation on which the judgment of the court must rest is the right of the wife to such support from her husband as she might reasonably expect from one in his financial situation': *Com. v. Gilleland,* supra, p. 309.

\* \* \* \* \*

"... .. the order must be based on the respondent's property, income and earning ability *at the time of the hearing,* not on what they may have been in the past: *Com. ex rel. v. Kramer,* 80 Pa. Superior Ct. 210, 212; *Com. v. Leonard,* supra, p. 27; *Com. v. Cleary,* supra, p. 594; *Com. v. Knobloch,* 89 Pa. Superior Ct. 216."

The original agreement and order was at the rate of $130 per month, or $1,560 per year, *for the support of the wife and two children.* The amended order is for $1,600 per year for *"the wife and child."* This change as to the beneficiaries was made at the relator's request, which would indicate that the necessity for the support of the *two* children (eighteen and twenty years old respectively) did no longer exist. When the court made an order for one-third of the appellee's earnings for "the wife and child" it was giving the wife the maximum amount permissible under the law. In *Com. of Pa. ex rel. Suess v. Suess,* 100 Pa. Superior Ct. 437, it was held, at p. 439: "...... the court is not bound in every instance to order a husband to pay his wife, for her support, one-third of his net income. It may not order him

to pay more than that, but may award her less. ......"
It has a wide discretion in such matters, and unless the amount awarded is, on the one hand, more than the law allows, or, on the other, grossly inadequate, this court will not interfere.

Quoting from the opinion of the trial judge: "After careful consideration, the court increased the order to $1,600 annually (an increase of $40 per annum) and ordered the defendant to pay $750 on account of the arrears, the balance to be remitted. In view of the fact that Simmler incurred considerable expense in the course of the litigation to restore his status and obtain his back salary, and in view of the fact that the order for Mrs. Simmler was made larger than the order for herself and two children, the court felt that the payment of $750 in settlement of all arrearages was equitable and proper."

In passing on this appeal, the only matter for our consideration is whether the court below, in making the order, remitting a part of the arrearages, abused its discretion. "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused:" *Mielcuszny et ux. v. Rosol,* 317 Pa. 91, 176 A. 236.

In view of all the circumstances and the fact that the order was made with the consent of appellant, we cannot say that there was an abuse of discretion, which would warrant a reversal of the order. Under this view, it is not necessary to discuss the order of dismissal of the warrant for seizure.

Order affirmed.