Commonwealth ex rel. Barnes *v.* Barnes, Appellant.

Argued March 12, 1940. Before KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER, RHODES and HIRT, JJ.

*William T. Connor,* with him *John R. K. Scott* and *Hardie Scott,* for appellant.

*Samuel Kagle,* with him *Curtis P. Cheyney, Jr.,* for appellee.

OPINION BY RHODES, J., June 24, 1940:

This is an appeal by defendant, Paul H. Barnes, from an order of the Municipal Court of Philadelphia County for the support of his wife. The order increased a previous order of $5 per week to $20 per week.

On January 3, 1930, upon information of appellee and after hearing, Judge WALSH in the municipal court entered a support order against appellant in the amount of $20 per week. Appellant petitioned to vacate or reduce the order, and on August 5, 1932, Judge WALSH reduced the order from $20 to $10 per week. On February 18, 1938, appellant's petition to vacate the order of January 3, 1930, and to remit all arrears was dismissed by the court. On August 3, 1938, upon petition of appellant and after hearing, Judge TUMOLILLO further reduced the order against appellant for the support of appellee to $5 per week. On June 27, 1939, appellee filed a petition to increase the order of support, alleging that her own financial and personal circumstances had adversely changed, and that the financial circumstances of appellant were such as to warrant an increased support order. On August 30, 1939, the order against appellant was increased by Judge PIEKARSKI to $20 per week. On September 22, 1939, appellant filed a petition for rehearing, which was granted. Thereafter, the court affirmed the order previously made on August 30, 1939. Appellant, on November 21, 1939, filed a petition for review and modification of the order of August 30, 1939; the petition was dismissed. This appeal was then taken by appellant from the order of August 30, 1939.

Appellant presents two propositions: (1) The order of August 3, 1938, was res adjudicata; (2) the order of August 30, 1939, was excessive.

1. The first contention is clearly without merit. We have frequently stated that orders in nonsupport cases have never been regarded as final, in as much as they may be increased, reduced, or vacated where the financial condition of the parties changes, or where other proper reasons are shown. *Com. ex rel. Crabb v. Crabb,* 119 Pa. Superior Ct. 209, 210, 180 A. 902; *Com. ex rel. Isaacs v. Isaacs,* 124 Pa. Superior Ct. 450, 455, 188 A. 551; *Com. ex rel. Shotz v. Shotz,* 130 Pa. Superior Ct. 561, 564, 198 A. 472. Appellee's petition for increase of order of support was filed on June 27, 1939. The Act of June 19, 1939, P. L. 440, No. 250, §1, 17 PS §263, provides: "Any order heretofore or hereafter made by any court of this Commonwealth for the support of a wife, child or parent, may be altered, repealed, suspended, increased, or amended, and the said court may, at any time, remit, correct or reduce the amount of any arrearages, as the case may warrant." This act became immediately effective upon final enactment (section 3).

2. The evidence justifies an increase of the order of $5 per week, but we are of the opinion that the order of $20 per week is somewhat excessive, "having in view the property, income and earning capacity of the respondent": *Com. ex rel. Fort v. Fort,* 124 Pa. Superior Ct. 151, at page 152, 188 A. 416. The right of appellee to support from appellant and her need of such support are not questioned. Appellant's financial condition at the time of the hearing on August 30, 1939, was substantially better, according to his own testimony, than it was at the time of the hearing on July 27, 1938, before Judge TUMOLILLO. On the latter occasion appellant testified that his income for the year 1937 was $2,900, and that his total expenses were $1,345 more than his income. At the hearing on August 30, 1939, and at the

rehearing on September 22, 1939, appellant's income was shown to be at least $2,300 a year, $1,194 of which was income from investments and the balance from his insurance business. Such income would not warrant a support order of more than $15 per week. Appellant is 68 years of age, and appellee is 62 years of age, and his earning capacity appears rather limited. Appellant's testimony was not entirely satisfactory, and unquestionably warranted the criticism made by the court below.

Appellant had testified at the hearing on August 30, 1939, that the net earnings from his business during the year 1938 were $2,000. The rehearing on September 22, 1939, was primarily for the purpose of correcting this alleged error. In his petition for rehearing appellant stated that his testimony under cross-examination, on August 30, 1939, wherein he said his net earnings from his business during the year 1938 were $2,000, was an error. An examination of the testimony leads us to believe that appellant may have misunderstood the question, and made his answer on the basis of gross earnings from his business, although he gives no items of deductible expenses. There is testimony to the effect that appellant has a small interest in his aunt's estate and is a co-executor, but we find nothing to indicate what, if anything, he may receive from this source.

It is true, as appellee argues, that a judge, in passing upon the facts in such a case, is not bound to accept as true the statements of a defendant, but can make his own deductions from the evidence and the attending circumstances. *Com. ex rel. Elgart v. Elgart*, 137 Pa. Superior Ct. 418, 420, 9 A. 2d 202. But we are unable to find anything that would warrant in the present proceedings an order based on an income of appellant in excess of approximately $2,300 per year. The litigation between these parties has extended over many years, beginning in 1929, and the financial condition of appellant

has been the subject of much controversy during the period from 1929 to the present. We have had the opportunity to read all the testimony produced at these various hearings, which has been printed in the record in this appeal. The present order, however, cannot be based on what appellant may have earned in the past.

Appellee's physical condition seems to have changed for the worse, and her independent income is shown to have been reduced.

Giving full consideration to appellant's income from his property and business at the time of the hearing, and to such earning capacity as he may have, an order of support for appellee should not exceed $15 per week. An income and earning capacity of about $2,300 per year does not legally warrant an order for appellee in excess of one-third thereof. *Com. ex rel. Fort v. Fort,* supra, p. 154.

The order of support for appellee will accordingly be modified.

The order of the court below of August 30, 1939, is reduced to $15 per week. Each party to pay his or her own costs on appeal.