## Commonwealth ex rel. *v.* Kramer, Appellant.

*Husband and wife—Order of support—Excessive order.*

An award of fifty dollars a week against a husband for the support of his wife is excessive, where the books of the husband's employer showed that the respondent's income was not more than $75 a week.

By analogy to awards of alimony the husband should not be required to pay more than one-third of his total income for the support of his wife.

Under such circumstances, the award of $50 was a clear abuse of discretion and will be modified.

Argued October 18, 1922. Appeal, No. 225, Oct. T., 1922, by respondent, from order of Municipal Court of Philadelphia, Domestic Relations Division, petition No.

COMMONWEALTH *v.* KRAMER, Appellant.    211

43964, in case of Commonwealth ex rel. Bertha M.
Kramer v. Morris F. Kramer. Before PORTER, HENDER-
SON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Modi-
fied.

Petition for order of support. Before BROWN, P. J.

The facts are stated in the opinion of the Superior
Court.

The court made an order directing the respondent to
pay $50 a week for the support of his wife, Bertha M.
Kramer. Respondent appealed.

*Error assigned* was the order of the court.

*William A. Gray,* and with him *Samuel G. Schwartz,*
for appellant.

*Franklin E. Barr,* Assistant District Attorney, and
with him Samuel P. Rotan, District Attorney, for Com-
monwealth.

*James Gay Gordon, John R. K. Scott* and *Harry
Shapiro,* for appellee.

OPINION BY KELLER, J., December 14, 1922:

In our opinion this order cannot be sustained under
the evidence, and must be modified.

Taking the books of defendant's employers, S. Kramer
& Co., which were produced under the Commonwealth's
subpœna, in the light most unfavorable to the defendant,
and with every intendment against him, we are unable
to find that his salary, including both what he received
in cash and what was credited to his account in the books
was more than $70 a week. If he had any interest in the
profits of the business, over and above his salary, it was
at most a third, and the evidence failed to show that he
was on this account entitled during the year 1921, to
more than one-third of $500, if that much. We are not

directly concerned in this proceeding with the profits made by the establishment in 1919 and 1920, before defendant's marriage with relatrix. It is his present property and income in which we are interested: Lynn v. Lynn, 68 Pa. Superior Ct. 324. It was not shown that he had any property or sources of income other than his salary from, and interest, if any, in, the firm, or profits, of S. Kramer & Co.

We are satisfied from the evidence that his income is not in excess of $75 per week and by analogy to awards of alimony, he should not be required to pay for the support of his wife more than one-third of that amount: McClurg's App., 66 Pa. 366; Lynn v. Lynn, supra.

The testimony of the relatrix and her father as to the declarations of defendant and his father, with respect to the former's salary, cannot be allowed to prevail against the evidence of the books, which we are satisfied represented conditions truly and were not doctored in any manner because of these proceedings. In these circumstances an award of $50 a week to the relatrix was a clear abuse of discretion not sustained by the evidence and cannot be allowed to stand.

The order of the court below is modified and it is now ordered that the defendant pay to his wife, Bertha M. Kramer for her support, the sum of $25 per week from the 14th day of July, 1922, and give bond, or enter into a recognizance, with security to be approved by the Municipal Court of Philadelphia County, or a judge thereof, in the sum of one thousand dollars for the faithful performance of this order and pay the costs in the court below and stand committed until the order is complied with.

Costs on this appeal to be paid by the appellee relatrix.