In the Matter of MINNIE KOOLKEN, Respondent, against ABRAHAM KOOLKEN, Appellant.

First Department, April 12, 1935.

*Murray Kurman,* for the appellant.

*Henry R. Eisenberg,* for the respondent.

McAVOY, J. On March 30, 1933, Minnie Koolken, the wife of Abraham Koolken, filed a complaint with the clerk of the Family Court, New York county (then part of the City Magistrates' Courts), alleging particularly that from March 2, 1933, her husband " neglected to provide for his wife and [two minor] children according to his means; that they have no means of their own and are in

danger of becoming a burden on the public," and " that her husband be dealt with according to law." An order for support for ten dollars a week was entered against the husband.

By chapter 482 of the Laws of 1933 the Family Courts located in the boroughs of Manhattan, Bronx, Brooklyn and Queens, and the Children's Court of the City of New York, were discontinued and the powers and duties were vested, merged and continued in the Domestic Relations Court of the City of New York, effective October 1, 1933.

Pursuant to section 43 of chapter 482 of the Laws of 1933, the order directing Abraham Koolken to pay ten dollars weekly was automatically continued in that division of the Domestic Relations Court known as the " Family Court."

On January 19, 1934, this matter came up in the Family Court Division of the Domestic Relations Court, upon these same allegations, and the original order of ten dollars weekly was continued, with a further direction that one dollar weekly be paid on arrears of sixty-two dollars which had accumulated.

Thereafter, Abraham Koolken applied for a reduction in the amount of the weekly payments on the ground that one child was over sixteen years of age; that the wife, Minnie Koolken, was employed, and that he was not earning sufficient money to comply with the order. The court conducted an oral hearing of both sides, and rendered a decision: " Order continued. Bond $300 or Workhouse 3 months."

This decision is termed by the appellant as " an order   *   *   * denying the husband's motion to reduce his order for support to $5 per week;" and a " judgment   *   *   *   finding the appellant guilty of non-support and requiring him to give a bond in the sum of $300.00 and in default thereof to be committed to the Workhouse for three months."

It appeared from a statement of the attorney for the appellant that said appellant was a painter doing painting jobs on call; that from about the date of the original order in the new Family Court, January 19, 1934, he had earned on an average about eleven dollars a week; that strikes in the painting trade in the month of August had interfered slightly with his earnings; that he paid his wife $319 for support during the period of the thirty-nine weeks, or on an average of $8.18 weekly; that he had to borrow heavily to pay his wife and provide for his simple living expenses, and that he owed $50 for his room rent. He submitted a few names of persons he worked for during the year setting forth the amount received and profit obtained therefrom, and letters received from these parties supposedly confirming the amounts paid to him. Appellant

apparently had no books or other records of profit and loss to produce in court to support his contention of insufficient earning ability. No proof, under oath or admissions, was produced by either party and it is, therefore, impossible to review the ruling made. The record sent to this court is devoid of evidence upon which to grant the relief asked by Abraham Koolken, or to refuse it.

We are constrained, therefore, to reverse the order and judgment made on the 24th day of October, 1934, and remand the matter to the Family Court Division of the Domestic Relations Court, to take proofs of the parties in such form that the record will permit this court to review the evidence as to appellant's ability to continue to pay the sum fixed by the order of January 19, 1934.

MARTIN, P. J., MERRELL, O'MALLEY and UNTERMYER, JJ., concur.

Order and judgment reversed and the matter remitted to the Family Court Division of the Domestic Relations Court to take proofs of the parties in such form that the record will permit this court to review the evidence as to appellant's ability to continue to pay the sum fixed by the order of January 19, 1934.