ROSE ANDREWS, Petitioner, *v.* WAYNE ANDREWS, Respondent.

Domestic Relations Court of City of New York, Family Court Division,
Bronx County, February 28, 1938.

PANKEN, J. This proceeding was commenced in the City Magistrates' Court of the City of New York, Borough of the Bronx, and was entitled: The City of New York on complaint of Rose Andrews, complainant, v. Wayne Andrews, defendant.

Section 43 of the Domestic Relations Court Act of the City of New York reads: " At midnight on the thirtieth day of September, nineteen hundred thirty-three, all proceedings pending in the Children's Court and in the Family Courts then part of the City Magistrates' Court system of the city of New York located in the boroughs of Manhattan, the Bronx, Brooklyn and Queens shall be transferred to the Domestic Relations Court established by this act, together with all papers, books, records and documents, of whatever nature or description, and shall continue to be of the same force and effect in the court established by this act; and all judgments, orders, processes, directions and proceedings theretofore entered in any such cases so transferred shall be continued and proceeded with, and may be modified, enforced and executed with the same force and effect as if proceeded with in the courts from which they are transferred; and no such action or proceeding shall abate or be in any wise affected by the passage of this act. All proceedings for the support of a wife, child or poor relative pending at said time in the Magistrates' Courts shall be similarly transferred to the Domestic Relations Court established by this act, together with all papers, books, records and documents relative thereto, and shall be similarly treated and have the same effect as above provided."

By virtue of the above section, the proceeding instituted in the City Magistrates' Court was transferred to the Domestic Relations Court of the City of New York.

It appears from the records before me in that proceeding that on the 21st day of July, 1932, the defendant had been found to be a disorderly person and was directed to pay the sum of fourteen dollars weekly into the Family Court for the support of his wife and two children and also directed to find surety in the sum of $728, and, in default thereof, to stand committed to the city prison for a term not to exceed one year. On or about the 15th day of May, 1933, the defendant was placed on probation for a period of six months, the conditions of which were that he was to pay the sum of fourteen dollars weekly for the support of his wife and two children, and on or about the 21st day of August, 1933, a city magistrate, by order, required the defendant to find new surety in the sum of $728 and, in default thereof, to stand committed to the city prison for a term not to exceed three months, probation having been revoked. In both instances the defendant did not find surety as required and, therefore, was confined to the city prison.

The matter came on first in the Domestic Relations Court of the City of New York on the 23d of November, 1937, on an application by the complainant for a warrant alleging at that time that for a period of four weeks theretofore she received four dollars weekly

direct from the defendant. Accordingly a warrant was issued. On December 17, 1937, the warrant having been executed, defendant was paroled by me and on the 10th of January, 1937, a temporary order was made requiring the defendant to pay sixteen dollars weekly beginning the 31st day of January, 1937, and, until the 31st of January, 1938, six dollars weekly. In effect, this order modified the determination made in the Magistrates' Court. (*Matter of Koolken* v. *Koolken*, 244 App. Div. 228.)

The father of the children and the husband of the complainant, the defendant herein, is obligated to support his wife and children. By the determination had in the Magistrates' Court of the City of New York on or about the 21st day of July, 1932, it was so adjudicated.

The petitioner now asks that the respondent be required to make good to her arrears that have accumulated since the inception of the order of July 21, 1932.

The question presented to me is whether the respondent in the proceeding now pending in this court may be required to liquidate by payment all arrears that have accumulated while he was incarcerated under the orders of the magistrate and the arrears accumulated after his release from custody.

By section 43 of the Domestic Relations Court Act, " all judgments, orders, processes, directions and proceedings * * * shall be continued and proceeded with, and may be modified, enforced and executed with the same force and effect as if proceeded with in the courts from which they are transferred." The Legislature has vested the Domestic Relations Court with the power to enforce judgments and orders in proceedings transferred to it.

The basis of this proceeding when instituted was for the commission of a misdemeanor. It was tried in a criminal court. The city of New York was in fact the complainant and the defendant, after a trial, was declared to be a disorderly person.

Subdivision b of section 74 of the Inferior Criminal Courts Act (since repealed by Laws of 1933, chap. 482) read, in part: " All proceedings against disorderly persons shall be brought in the name of the city of New York as complainant."

Section 74 of the Inferior Criminal Courts Act provides, in part: " The Domestic Relations Court shall have the sole and exclusive jurisdiction to initiate, investigate, try, hear and determine all proceedings and charges against any such persons alleged to be disorderly persons under this section. The following persons are declared to be disorderly persons: Every person in the city of New York who.

"Actually abandoned his wife and children without adequate support; or

" Leaves them in danger of becoming a burden upon the public; or

" Who neglects to provide for them according to his means or who threatens to leave his wife or children without adequate support, or in danger of becoming a burden upon the public."

It will be noted that throughout section 74 of the Inferior Criminal Courts Act the charge is that of being a disorderly person if the spouse or parent abandons wife or children or fails to provide for them. The trial of such person was had under the Inferior Criminal Courts Act in a criminal court.

It has been said by the highest tribunal of our State, through the chief judge in the case of *Matter of Kane* v. *Necci* (269 N. Y. 13), that the Family Court of the Domestic Relations Court does not partake of the nature of a criminal court. The language used is as follows: " The procedure in the Family Court is outlined in articles 3 and 4 of title III. Although by section 132 the respondent, if he refuses to obey the order for support, may be committed to jail not to exceed twelve months, this does not make the proceeding one of a criminal nature." Further on in the body of the opinion, the chief judge says: " We now say that these proceedings are no longer of a criminal nature as they have shifted to the civil side of the courts by the provisions of chapter 482 of the Laws of 1933 creating the Domestic Relations Court of the City of New York."

The situation in this proceeding is somewhat anomalous. A determination of a criminal court is to be enforced by a court which has been shifted to the civil side of the law.

The approach to the problem of responsibility by a husband or father for the support of wife or children has undergone a considerable change. The attitude of the law is in consonance with what social relationship requires. It cannot be said that a person who is financially unable to make provision for his dependents is a criminal, nor can he be regarded as failing in the discharge of social duty and obligation. There are many factors which may prevent one from discharging obligations to his dependents much as he would desire to do so. Inability to obtain employment is not always chargeable to the person. Economic depressions, mechanization in a given industry, that is, a displacement of human labor by the machine in a calling, may be the real cause of a failure to properly provide for one's dependents. Under no circumstances can that be regarded as criminal conduct. Only willful failure to take gainful employment or willful failure to provide for dependents when one is financially able to do so is a violation of obligation to dependents

and in the performance of social duty. Even under the latter circumstances, a failure to provide for dependents cannot always be regarded as criminal conduct.

There are other factors which might be taken into very serious consideration. Incompatibilities due to maladjustments between husband and wife without any intent to commit a crime may be the cause, and not infrequently it is that, in failure to support a spouse.

By direct mandate of the Legislature the Domestic Relations Court has been charged with the duty to continue and enforce the judgments and orders and processes of the proceeding transferred thereto from the Magistrates' Court of the City of New York. The enforcement of these orders must be in consonance with the decision in the case of *Matter of Kane* v. *Necci* (*supra*), on " the civil side of the courts " — on the civil side of the law.

To require the respondent in this proceeding to pay to the wife at the rate of fourteen dollars weekly for the entire period that he had been incarcerated would be punishment as a disorderly person. It cannot be held that a person who is not gainfully employed and has no income is in law required to make payments not within his ability.

The civil side of the courts has no power to punish excepting for contempt. The failure of the defendant to find a surety in the sum as required by the order of the city magistrate cannot be held by me to be a contempt of this court.

Contemptuous conduct must be intentional. I should say that it must be willful. Inability to comply with an order of the court is not contempt of the court nor is it willful conduct in contempt of the court. An order made by a court which cannot by the nature of the situation in which a party finds himself be complied with, will not be regarded as a contempt of the court.

The respondent herein was not fined the sum of $728 on two different occasions because of contempt of the Magistrates' Court. In fact, the Magistrates' Court of the City of New York had no power to punish for contempt in 1932 or 1933.

An order for the support of dependents is based upon the means of the person chargeable with such support or his ability to earn the means necessary. The income of the person chargeable determines the amount up to the sum of fifty dollars weekly that this court may award a dependent.

The respondent herein is a workman. The amount fixed for the support of his wife and children is based upon his earnings, his income. Unless income continues during incarceration, the order for support in justice must stand suspended during such period.

It is conceivable that there are persons who might rather take incarceration than continue to work and have an income, and thus deprive dependents of support. In such an instance that conduct would be contempt of court and upon punishment for such contempt the order for support continue.

There is nothing in the case before me to indicate that that was the situation here. I conclude, therefore, that the arrears which have accumulated from the 21st day of July, 1932, the day of incarceration of the respondent, and August 21, 1933, the date of his second commitment, to the day of his release, are not a proper charge against him.

The petitioner before me claims that she is at least entitled to be reimbursed for the arrears that have accumulated during the years 1934, 1935 and 1936. It is conceded that during the year 1934 the respondent paid six dollars weekly, in 1935 and up to the first of September 1936, paid thirty dollars monthly. The total arrears claimed by the petitioner is $998 for that period.

It appears that since April, 1934, the petitioner was employed and earned the sum of twenty-three dollars and eighty-six cents weekly. Since September, 1937, the respondent leased an apartment for the petitioner and paid forty-two dollars monthly; in addition he allowed her four dollars weekly. For some little time since the inception of this proceeding, the respondent did allow the petitioner sixty dollars monthly. All payments since 1934 were made by the respondent direct to the petitioner.

A disorderly person is one " who   *   *   *   abandons his wife and children without adequate support or leaves them in danger of becoming a burden upon the public " (Inferior Criminal Courts Act, § 74), under which section the proceeding herein is instituted.

Since 1934 the petitioner was gainfully employed. The respondent contributed various sums of money to her. She accepted same and had made no complaint to this court until November, 1937.

The provisions of the order of the magistrate of the Magistrates' Court of the City of New York were not modified. That order is still deemed to be in full force and effect, unless by private agreement between the parties the same was modified by the acceptance of a lesser sum than therein provided for.

If we were to treat the Domestic Relations Court as a division of the criminal court, any act on the part of the complainant would not absolve the defendant. In the case of *People* v. *Rogers* (248 App. Div. 141; affd., 272 N. Y. 612) the court says, by Mr. Justice Cohn: " Nothing in the statute indicates an intention to confer upon the new court [referring to the Domestic Relations Court] anything other than civil jurisdiction. It was undoubtedly the intent

of the Legislature that proceedings against adults affecting domestic relations, as well as those against children instituted in the Domestic Relations Court be civil in character rather than criminal and that the new court was designed to be a civil and not a criminal tribunal." (Citing *Matter of Kane* v. *Necci*.)   A civil judgment may be compromised. ` That is axiomatic.

Have parties in a proceeding pending in the Family Division of this court the right to compromise, adjust and settle their differences and claims and orders or judgments of the court?   I should hold that unless the city of New York, the public; is involved and might, because one of the parties being a public charge, be harmed, the parties may liquidate their claims as to them may seem proper and right.   The law will not compel a spouse to prosecute a claim against the other.   When a person chargeable with the duty to provide for another fails to make that provision and the community is compelled to support the dependent, then, under section 125 of the Public Welfare Law, the commissioner of the department of public welfare may institute a proceeding to reimburse the city of New York and to compel support of the dependent by the person financially able to do so and charged with the duty to do so.

The payment of arrears accumulating on an order originating in the Magistrates' Court of the City of New York will be enforced by this court.

No arrears will be deemed to have accumulated during the period of incarceration.   The parties having to all intents and purposes withdrawn the proceeding in this court and made and accepted payments direct from each other, the conclusion follows that no arrears have accumulated since the release of the respondent from the workhouse.

In a case where the payments were made not in full discharge of the amount required under the order but in part payment only, upon proper proof presented arrears are allowed.   The court will not interfere between husband and wife in their financial settlements when the community is not directly involved.

The application to fix and allow arrears to the petitioner is denied without prejudice to renew application to fix same for the years 1934, 1935, 1936, upon proof that the difference between amount of order and the amount paid was to be paid to the petitioner.

The order is modified to sixteen dollars weekly as of January 31, 1938.