Holbrook *v.* Holbrook, Appellant.

Argued November 13, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

Divorce proceeding. Before SLOANE, J.

Adjudication filed finding for libellant and decree of divorce entered. Respondent appealed.

*William T. Connor,* with him *Hardie Scott* and *Edward J. Griffiths,* for appellant.

*Thomas Boylan,* with him *Robert M. Taylor,* for appellee.

OPINION BY ROSS, J., January 17, 1947:

In this divorce case, the respondent wife has appealed from a decree of absolute divorce granted her husband on the ground of indignities. The case was heard by the court below without jury. The parties were married in 1923 and resided together until February 1938, when the libellant withdrew from the home.

According to the libellant's evidence, the respondent has a violent temper which she did not seek to restrain either in private or in public; she wanted her own way in everything and when thwarted, she cursed and swore vilely at her husband, not only in the privacy of their home but in public places, in front of friends and strangers; she accused him of running around with other women and having a venereal disease; she got drunk often and thoroughly in public and at home; during the last few years they lived together, his wife struck him at least 40 times, to which her denial was "not that I can remember"; she threatened to "blow out his brains with a gun", to which her denial at the hearing was "I wouldn't know how to use a gun" and "I would be afraid to look at a gun". The libellant was a member of the Brotherhood of Trainmen and an officer of its lodge. Shortly before the parties separated, the respondent, in an intoxicated condition, burst into the lodge room when a meeting was in progress and with libellant's coat in her hands kept screaming, "Where is the son of a bitch who belongs to this coat?" and it was necessary for a policeman to eject her from the meeting room; because of libellant's employment as a trainman, his hours were irregular and if he was not home at regular hours for meals—hours set by the respondent—he had to get his own meals; and because of her complaining to his superiors with consequent embarrassment to him, he had to resign various positions including one he had held for 16 years.

For the respondent, it was testified that the libellant struck her with a table, put butcher knives under the marital pillow, threatened to cut her throat, swore at her frequently and struck her a number of times. The libellant admitted swearing at his wife and admitted striking her but contended the striking was in self-defense. Her denials of libellant's testimony were in most instances evasive and contradictory; they did

not impress the trial judge and they do not impress us. The same may be said relative to her accusations against her husband.

Testimony as to respondent's conduct after the parties' separation is relevant for the purpose of shedding light upon respondent's behavior prior to the separation. *Hewitt v. Hewitt,* 136 Pa. Superior Ct. 266, 7 A. 2d 45; *Zonies v. Zonies,* 151 Pa. Superior Ct. 317, 30 A. 2d 193. It is in evidence that from the time of separation until the filing of the libel in 1944 the respondent wrote nearly 1200 letters and postal cards to the libellant accusing him of running around with other women and otherwise reflecting upon him, his relatives and his associates. It is also in evidence and undisputed that about six weeks after the separation the respondent was arrested in a public place for being drunk and disorderly.

The burden is upon the libellant to prove his case by clear and satisfactory evidence, and there must be a preponderance of the evidence in libellant's favor. *Sleight v. Sleight,* 119 Pa. Superior Ct. 300, 181 A. 69. While no general rule may be laid down as to what constitutes such indignities to the person as to render the condition of the injured spouse intolerable (*Sharp v. Sharp,* 106 Pa. Superior Ct. 33, 161 A. 453) clearly if the material part of libellant's evidence in this case is believed, he is entitled to a decree of divorce.

Although we are required to consider all the evidence and arrive at our own conclusion thereon—which we have done—the findings of fact and conclusions of the trial judge, who heard the testimony and saw the witnesses, are entitled to careful consideration on appeal and will not be lightly disturbed. *Othmer v. Othmer,* 158 Pa. Superior Ct. 384, 45 A. 2d 389; *McKrell v. McKrell,* 352 Pa. 173 42 A. 2d 609. The trial judge stated "A consideration of this case and the evidence on both

sides leads to the conclusion that what the husband says is substantially true, and that the wife over the years pursued a course of conduct rendering the husband's condition intolerable and his life burdensome. . . . The credible evidence is on all sufficient points in libellant's favor. Speaking generally, she did not impress me as one telling the facts, but as one determined to trouble her husband. He, on the other hand, convinced me that he was subjected to vulgarity, abusive language, unmerited reproach, neglect, incivility, and that, therefore, he is entitled to a divorce on the ground of indignities". A careful examination of the record leads us to agree with the learned court below.

Decree affirmed.