McMahon *v.* McMahon, Appellant.

Argued March 29, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*William K. Ravetz,* for appellant.

*William T. Connor,* with him *Hardie Scott,* for appellee.

OPINION BY RENO, J., July 20, 1950:

This is an action for divorce a mensa et thoro brought by the wife for malicious abandonment. Subsequent to the filing of her libel appellant husband instituted an action for an absolute divorce on the ground of indignities. The cases were heard together. The master recommended the husband's action be dismissed; that a divorce a. m. e. t. be granted the wife; and that she be awarded alimony in the sum of $15 a week. Appellant's exceptions to the master's report were dismissed by the

court below which approved and adopted the master's findings and conclusions. The husband appealed from the decree a. m. e. t. and allowance of alimony. He did not appeal from the dismissal of his libel.

The parties were married in 1928 and lived together until May 6, 1945 when he left the home. They have one daughter 19 years of age who resides with her mother. According to appellant's testimony his wife's conduct compelled him to leave the marital domicile. He testified "there was never a day when my life wasn't in turmoil." He complained that indignities commenced the day they were married. When he attempted to kiss her at the altar of the church she pulled away from him. He charged that she refused to have sexual relations with him during the first three months of their married life; ridiculed his lack of education; taunted him about her ex-boy friends; attended social functions several nights a week while he acted as baby sitter; accused him of infidelity; compelled him to sleep in a different room because she said he "wasn't fit to sleep with her any longer"; threw a loaf of bread in his face because he asked for catsup; terrified him by holding a long bladed butcher knife over him causing one side of his facial nerves to collapse; jabbed him with an umbrella while following him down street; pushed the newspaper in his face when he was reading; threw water on him while he was in bed; placed salt, knives, forks and spoons in his bed; and constantly nagged and embarrassed him in public.

Appellee testified the parties had no serious difficulties during their 17 years of married life, except for arguments over financial matters, until she learned her husband was interested in another woman. She stated that he gave her $15 a week to clothe and feed the family although he was earning over $65. Immediately prior to their separation she complained to the Municipal Court

54

that he was not giving her sufficient funds to meet her household expenses and pay doctor bills. Appellant contends he was so "humiliated" he moved out of the house the following weekend. Nevertheless during the previous month he had repeatedly told her that he couldn't stand it and was going to get out.

The wife's real complaint was that her husband had lost all affection for her and was interested in a female hairdresser. She suspected "there was someone else" as early as 1942. Two years later she began to follow him to the hairdressing establishment and on numerous occasions observed the two leave in his car. When she asked where he had been his reply was "playing cards with the boys." Appellant denied he knew "the other woman" prior to the separation. Appellee's sister testified she saw appellant with her during the winter of 1947. The daughter was uncertain whether she had seen her father with the hairdresser before or after the separation, but did hear her parents discuss the "other woman" about two years before appellant left the house. Appellee's brother-in-law stated he saw them together in 1942. Even appellant's testimony was uncertain as to when he first met his girl friend. Evidence of what occurred after his withdrawal from the house was relevant for the purpose of shedding light upon his behavior prior to the separation. *Hewitt v. Hewitt,* 136 Pa. Superior Ct. 266, 7 A. 2d 45; *Philo v. Philo,* 154 Pa. Superior Ct. 563, 36 A. 2d 833; *Holbrook v. Holbrook,* 160 Pa. Superior Ct. 129, 50 A. 2d 709. See also *Martin v. Martin,* 157 Pa. Superior Ct. 538, 43 A. 2d 637.

The able master, whose competence and diligence are deservedly commended by both sides, decided both cases in favor of the wife. He discerned that the decision depended upon the credibility of the parties. He found that "Many of the incidents described by the Husband are in themselves difficult to credit," and that others,

if they had actually occurred, might have been corroborated by the testimony of disinterested witnesses who were not produced. He determined that the wife's testimony was supported by the daughter and other witnesses, and that they were credible. His findings were approved by the court below, and are entitled to the highest consideration. *Smith v. Smith,* 157 Pa. Superior Ct. 582, 43 A. 2d 371. Since the husband's evidence did not sustain his action for a divorce, it could not do service as a legal justification for his abandonment of his family and refusal to support. Upon that point the master stated: "As the Master sees this case, it would be inconsistent for him to find that the Wife was not guilty of indignities to her Husband and that nevertheless he was justified in leaving her. Not only would that be an inconsistent finding, but it would not conform with the testimony in this case as the Master views it. He concludes that the husband did maliciously abandon his wife; he believes in substance her story, in which she says that for some seventeen years, their differences were petty and that they were a moderately happy family until the other woman came into the picture and that it was for that reason he left. His intimacy with this woman since the separation substantiates the wife's contention that she was the cause of his leaving."

The Divorce Law of May 2, 1929, P. L. 1237, §11, 23 P. S. §11, provides for a divorce from bed and board upon proof that the husband has "maliciously abandoned his family". There is no requirement that such desertion must be persisted in for two years as in the case of a divorce a. v. m. for wilful and malicious desertion. However, a mere absence is not sufficient but must be coupled with a failure to support. See Freedman on Marriage and Divorce, §356. The proof to support a divorce from bed and board must be as clear as is required in an application for absolute divorce. *Jones v. Jones,* 144 Pa. Superior Ct. 372, 19 A. 2d 480.

Appellant has not voluntarily contributed to the support of his wife or child since May 1945. The burden of proof was upon him to prove by competent evidence that his leaving was either consensual or for a reasonable cause. *Jones v. Jones,* 160 Pa. Superior Ct. 358, 51 A. 2d 521. This he has failed to do since the only reasonable or just cause for desertion is that which would warrant a divorce, *Thomas v. Thomas,* 133 Pa. Superior Ct. 12, 1 A. 2d 686, and his action for a divorce has failed.

The award of $15 a week for alimony was based upon appellant's testimony that he earned at least $4,000 a year from 1945 until he terminated his employment in April, 1947, and had accumulated $7500. Within a few months he had lost all his money playing the horses and was compelled to borrow. He has been unemployed since April 1947 because of his inability to "find anything that would suit me for my nerves," and "would like to resume where I left off earning $65 a week." The court may determine the amount of the support order within its sound discretion. It is not restricted to appellant's actual earnings, but may also consider his earning power. *Com. ex rel. Barker v. Barker,* 160 Pa. Superior Ct. 263, 50 A. 2d 739; *Com. v. Gleason,* 166 Pa. Superior Ct. 506, 72 A. 2d 595; *Com. ex rel. Testa v. Testa,* 164 Pa. Superior Ct. 413, 65 A. 2d 257. The decree for alimony remains within the control of the court below which may increase or decrease the award upon sufficient cause shown, in order that the decree may at all times conform to the equitable rights of the parties. *Betz v. Betz,* 70 Pa. Superior Ct. 396.

Decree affirmed.