## Marra *v.* Marra, Appellant.

Argued December 15, 1958. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*John B. Nicklas, Jr.,* for appellant.

*Clyde P. Bailey,* with him *William J. Graham,* for appellee.

OPINION BY ERVIN, J., March 18, 1959 :

This is an appeal from an order of the court below dismissing appellant's petition for decrease in alimony a mensa et thoro and granting appellee's petition for counsel fees.

On March 28, 1951 the wife-appellee was granted a divorce a.m.e.t. and awarded permanent alimony in the sum of $300.00 per month. By order of this Court dated April 22, 1952 the order was reduced to $160.00 a month: *Marra v. Marra*, 170 Pa. Superior Ct. 588, 594, 88 A. 2d 112. On June 23, 1952 the appellant filed his petition seeking a further decrease in the amount of the order. On June 19, 1958 the court below entered an order dismissing the petition, from which this appeal was taken.

The Act of May 2, 1929, P. L. 1237, §47, 23 PS §47, provides : "In cases of divorce from bed and board, the court may allow the wife such alimony as her husband's circumstances will admit of, but the same shall not exceed the third part of the *annual profit or income of his estate, or of his occupation and labor . . . .*" (Emphasis supplied)

. . In the prior proceedings in this case before this Court it was revealed that appellant's income for the year 1950 was "$5,750.75 after Federal tax". It also appeared that the appellant was paying a support order of $200.00 a month for the maintenance of four minor children. In the present proceedings the appellant presented evidence to show that his income is limited to interest at 2½ per cent on United States government bonds having a value of $112,000.00 or an annual income of $2,800.00. With reference to the decrease in income the court below in its opinion said : "From the evidence adduced thereat, it will be seen that the defendant has converted virtually all of his property into low earning securities or property pro-

ducing no income, and is now able to allege that his yearly income is only Two Thousand Five Hundred Dollars ($2,500.00)." Appellant now argues that the alimony payments may not exceed one-third of the $2,-800.00 income from this source. Appellant admits that under §733 of the Act of June 24, 1939, P. L. 872, 18 PS §4733, the court may base an order of support upon the husband's property, income and earning capacity at the time of the hearing. He argues, however, that the court in fixing the amount of alimony under the Act of 1929 is limited to the actual income received and may not consider other circumstances. We cannot agree with this conclusion. The Act of February 26, 1817, 6 Smith Laws 405, permitted the court to allow a wife who had obtained a decree of divorce a.m.e.t. "such alimony as her husband's circumstances will admit of, so as the same do not exceed the third part of the annual profit or income of his *estate* or of his *occupation and labor. . . .*" (Emphasis supplied) *McClurg's Appeal*, 66 Pa. 366. The language defining the one-third limitation in the Act of 1929 was taken from the Act of 1817 with no real change. We have held by analogy that the same rule should apply in orders for support pendente lite: *Lynn v. Lynn*, 68 Pa. Superior Ct. 324, and in proceedings for maintenance: *Com. v. Kramer*, 80 Pa. Superior Ct. 210, 212. The general rule, supported by numerous cases in our Court, is that the amount awarded for the support of a wife where the support of a child or children is not involved should not exceed one-third of the income from the property and labor of her husband.[1]

---

[1] *Com. ex rel. v. Milne*, 90 Pa. Superior Ct. 68, 72, 73; *Com. v. Gilleland*, 93 Pa. Superior Ct. 307, 309; *Com. ex rel. Shotz v. Shotz*, 130 Pa. Superior Ct. 561, 563, 198 A. 472; *Com. ex rel. Martocello v. Martocello*, 148 Pa. Superior Ct. 40, 46, 24 A. 2d 712; *Com. ex rel. Milne v. Milne*, 150 Pa. Superior Ct. 606, 29 A. 2d 228.

A decree of divorce a.m.e.t. awarding permanent alimony to the wife is a bar to any action for support on behalf of the wife in quarter sessions: *Heilbron v. Heilbron,* 158 Pa. 297, 301, 27 A. 967; Freedman, Law of Marriage and Divorce, 2d ed., §483, p. 1006.

In *McMahon v. McMahon,* 167 Pa. Superior Ct. 51, 74 A. 2d 718, we decided in a proceedings involving a divorce a.m.e.t. that the court was not restricted to the husband's actual earnings but could also consider his earning power. In numerous support order cases we have decided that all of the attendant circumstances may be considered.[2] We have also held that a husband may not refuse to occupy his time properly in order to diminish the allowance made to his wife: *Edgar v. Edgar,* 23 Pa. Superior Ct. 220, 222; *Bender v. Bender,* 86 Pa. Superior Ct. 182, 185. A wife may not be required to sacrifice alimony payments to which she is presently entitled in the expectation of larger payments in the future: *Rosenberg v. Rosenberg,* 163 Pa. Superior Ct. 138, 60 A. 2d 350. Should we decide otherwise a husband with a million dollar estate could reduce it to cash, live in luxury on his principal and pay his wife nothing. The courts are not so powerless as to be unable to remedy such a situation.

It is our conclusion that the one-third limitation should be applied in exactly the same manner to orders pendente lite, orders for alimony in a divorce a.m.e.t. and orders for support made in the courts of quarter sessions, the Municipal Court of Philadelphia and the County Court of Allegheny County.

---

[2] *Com. ex rel. Jamison v. Jamison,* 149 Pa. Superior Ct. 504, 507, 27 A. 2d 535; *Com. ex rel. Wieczorkowski v. Wieczorkowski,* 155 Pa. Superior Ct. 517, 518, 519, 38 A. 2d 347; *Com. ex rel. Barker v. Barker,* 160 Pa. Superior Ct. 263, 268, 269, 50 A. 2d 739; *Com. ex rel. Testa v. Testa,* 164 Pa. Superior Ct. 413, 415, 65 A. 2d 257.

In the present case not only did the husband have government bonds totalling in value $112,000.00 but he also had a large valuable home, said to be worth $100,-000.00, upon which he paid taxes of $1,117.00 per year from 1950 to 1954. This house could have been converted into cash and some of it could have been used to meet the present order. He was also able to expend considerable sums of money to purchase businesses for two of his sons and to pay for certain of their living expenses. In 1952 or 1953 he formed a corporation called the Universal Carbide Torch Tip Co., which had a net income for the year 1953 of $2,543.00. In December 1952 he invested $10,000.00 in this corporation. While he did not draw any money from this corporation it was a capital asset which could be taken into consideration for support order purposes. He purchased a $4,800.00 automobile and transferred it to the corporation. From the record there does not seem to be any good reason why the appellant, who is an inventor and a skilled mechanic, should not be gainfully employed.

In its opinion the court below said: "It is more than apparent that, in conjunction with the bitterness which has been engendered by and during these proceedings, the defendant has embarked upon a plan whereby he is able to preserve the principal of his estate in a form of ready availability and, at the same time, render the plaintiff practically destitute."

The appellant had the burden of showing changed circumstances if he wanted the alimony order reduced. In our opinion he has not met this burden and the court below did not abuse its discretion in so deciding.

The court below allowed a counsel fee of $4,800.00 and an accountant's fee of $200.00. The appellant seeks to have this Court reduce the counsel fee. We have so recently and thoroughly reviewed the law relative

to counsel fees that nothing need be added: *Cox v. Cox*, 187 Pa. Superior Ct. 177, 188, 189, 144 A. 2d 458.

We have reviewed the record and are convinced that there was no "manifest abuse of discretion" by the court below in this regard. It is to be understood, however, that this counsel fee is to cover all services down to and including the preparation and argument of this appeal.

Order affirmed.