Appleton, Appellant, *v.* Appleton.

Argued June 11, 1959. Before RHODES, P. J., WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT and GUNTHER, JJ., absent).

*Ralph S. Croskey,* with him *Samuel E. Ewing, III,* and *Joseph Neff Ewing,* for appellant.

*Laurence H. Eldredge,* for appellee.

OPINION BY WATKINS, J., November 11, 1959:

This is an appeal from the order of the court below in fixing the monthly payment of alimony in the sum of $36.80 in conjunction with the granting of a decree in divorce a mensa et thoro.

The appellant Loraine C. S. Appleton married the appellee William C. Appleton on March 24, 1934. Since 1941 and until their separation they resided at a jointly owned farm in Birmington Township, R. D. No. 5, West Chester, Chester County, Pennsylvania. They have four children, two girls, now of age and married, and two boys, William C. Jr., 13 and John 10 years of age. The boys live with their mother. The girls have their own homes. The appellee left his wife on April 12, 1957 and secured an ex parte Mexican divorce. On November 23, 1957 the appellee married Doryce Dane and they live in Wilmington, Delaware. The appellant is 51 years of age; the appellee 62. The master recommended the divorce a mensa et thoro on the ground of indignities to the person, on December 3, 1958 and the court granted the decree on April 13, 1959.

Until July 1958 when appellee was dismissed as president of Delaware Mills, Inc., the parties to this action enjoyed the fruits of prosperity since their marriage on March 24, 1934. Appellee displayed exceptional ability as a business executive and commanded an income ranging from $35,822.30 in 1957 to more than $100,000 in prior years. This situation has changed drastically since July 1958, as the appellee is now unemployed and suffered a slight stroke in the interim. The present circumstances of appellee are

not as a result of any misdoing on his part, but are a part of the fortunes of business war. The appellee is possessed of a sizeable estate, however, the greater portion of it is pledged as security for loans made by appellee prior to this proceeding, in the ordinary course of business and in the conduct of his family affairs.

The income of appellee at the time of hearing from all sources was:

| | |
|---|---|
| Equitable Life Annuity | $3067.92 |
| American Viscose Pension | 2367.24 |
| Dividend Income | 1158.70 |
| Directors' Fees | 360.00 |

or a total of $6953.86, from which must be deducted $4836.86 annual interest on Delaware Trust Company loans and $791.52 which is a return of principal in connection with appellee's pension arrangement, *Lynn v. Lynn,* 76 Pa. Superior Ct. 428 (1921), leaving a net income of $1325.48. This sum, as the actual earnings, together with the nature and extent of appellee's property, and his earning capacity must form the basis for an order fixing alimony. *Com. ex rel. Davidoff v. Davidoff,* 178 Pa. Superior Ct. 549, 115 A. 2d 892 (1955); *McMahon v. McMahon,* 167 Pa. Superior Ct. 51, 74 A. 2d 718 (1950).

Appellant would have this Court treat the appellee's holdings as though they were converted, the indebtedness paid off, and producing a more substantial income upon which an order should be based. Under the circumstances of his case such an act would be folly. The investment program of appellee was not aimed at intentionally reducing his income, but at the time it was instituted, apparently formed the basis to assure the income the parties formerly enjoyed. He is now seized of approximately ¼ of the outstanding stock of Delaware Mills, Inc., a closely held corporation. This stock is pledged as security for loans as

stated above and at the present time produces no income. This Court must agree with the finding of the court below that it is most difficult to attempt to fix a value for such stock, and under the present situation of this corporation there would probably be no market for its sale if appellee attempted to convert it. The intent in fixing an order for alimony is not to punish the defendant, but to fix a reasonable order for the sole support of the plaintiff. *Com. ex rel. Fort v. Fort,* 124 Pa. Superior Ct. 151, 188 A. 416 (1936).

The remaining question is whether the court below abused its discretion in deciding the earning capacity of the appellee was negligible and that this determination forms a basis for modification of the order. *Com. v. Bicking,* 163 Pa. Superior Ct. 454, 62 A. 2d 118 (1948). We feel that it did. It cannot be said that such a determination after considering a person's physical and mental fitness, his education and experience, his contacts and station in life would be merely conjecture.

The appellee here is a man of proven ability, with untold experience as a business executive, undoubtedly with many contacts, still active in the business world. Though he suffered a slight stroke, it was found as a fact that this did not measurably impair his earning capacity. The fact that the appellee claims his present wife is actually keeping him does not bear credence, especially in view of the fact that she owns a business known as Delaware Company Mills Store, located at New Castle, Delaware and he admits that he goes to the office of this company and sometimes takes the daily receipts to the bank. Most certainly a man with his business background and proven executive ability has great value to this business even if it is only in an advisory capacity. *McMahon v. McMahon,* supra; *Marra v. Marra,* 189 Pa. Superior Ct. 180, 149 A. 2d 175 (1959).

Agencies are active throughout the country securing positions for business executives over 65 years of age who for some reason were forced into retirement. This appellee cannot wilfully now choose to retire from gainful employment and deny his wife the alimony it is his duty to attempt to supply. We determine, therefore, that this appellee has an earning capacity of $7500 annually, which is a modest salary even with a very small business. The basis then for an order for alimony in this case is $8825. We are controlled by the Act of May 2, 1929, P. L. 1237, §47, 23 PS §47 in fixing the amount of an order. Said act provides that in cases of divorce from bed and board, the court may allow the wife such alimony as her husband's circumstances will admit of, but the same shall not exceed the third part of the annual profit or income of his estate, or of his occupation and labor.

The order of the court below is modified by increasing the award of permanent alimony from $36.80 per month to $245 per month, costs of this appeal to be paid by appellee.

---

DISSENTING OPINION BY WRIGHT, J.:

I respectfully dissent. Judge GAWTHROP found as a fact, as did the Master, that appellee's "present earning power is negligible". This finding is fully supported by the evidence, and it is not our function to make a conjectural finding to the contrary. We have repeatedly stated that orders of the trial court in matters of this nature will not be disturbed in the absence of a clear abuse of discretion. See *Commonwealth ex rel. Trichon v. Trichon*, 189 Pa. Superior Ct. 395, 150 A. 2d 176. My view is that appellant has failed to demonstrate an abuse of discretion in the instant case. Since the majority opinion mentions the children, it should perhaps be noted that appellee is

required, by virtue of a Delaware order, to pay appellant an additional $114.00 per month support for his two sons.

ERVIN, J., joins in this dissent.