### Kordich *v.* Kordich, Appellant.

Argued November 12, 1959. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., absent).

*Ruth F. Cooper*, with her *Dane Critchfield*, for appellant.

*L. Kenneth Harkins*, for appellee.

OPINION BY WATKINS, J., March 24, 1960:

The plaintiff-appellee, Beatrice E. Kordich, commenced an action for divorce from George Kordich, the defendant-appellant, on May 19, 1955. A petition for alimony pendente lite and counsel fees was filed on June 20, 1955. An order followed, awarding the wife $150 per month and counsel fees. On December 5, 1955, a petition for modification was filed and an order followed directing the defendant to pay $100 a month and to make all payments necessary for the maintenance of the home owned by entireties. The order was affirmed on appeal by this Court in *Kordich v. Kordich*, 182 Pa. Superior Ct. 132, 125 A. 2d 471 (1956).

On February 16, 1959, a petition to modify the last order was filed by the wife and an order made on July 27, 1959, directing this husband to pay alimony to the wife in the sum of $300 a month until outstanding arrearages were made up, and thereafter, the sum of $275 monthly. This appeal followed.

The appellee wife, by stipulation, has withdrawn any claim for arrearages so that the only question here involved is the $275 monthly order.

The evidence shows that the husband has gross earnings for 1958 of $13,201.16 from which should be deducted payments for social security of $94.50; withholding taxes of $2,139.28; and hospitalization maintenance insurance plan payments which insure to the benefit of the wife, of $193.90. In addition to the above income the husband receives approximately $100 per year from the net rentals of a property of which he is a part owner. This would leave the husband a net income, for our purposes, of $10,873.58.

The wife had net earnings in 1958 of $1,503.39 and continues as a part time employee at Gimbels. This is an item for consideration by the Court but is not controlling.

The Act of May 2, 1929, P. L. 1237, Sec. 47, 23 PS §47 provides: "In cases of divorce from bed and board, the court may allow the wife such alimony as her husband's circumstances will admit of, but the same shall not exceed the third part of the annual profit or income of his estate, or of his occupation and labor, . . . ." The interpretation of this act, especially as it relates to alimony pendente lite, was recently set forth by this Court in *Marra v. Marra,* 189 Pa. Superior Ct. 180, 149 A. 2d 175 (1959).

The order of the court below falls within the permitted limits of the act, however, it makes no mention of payments made by the husband on the mortgage and for the maintenance of the home as did the previous order. The payment ordered apparently was intended to be the total to be received by the wife, otherwise it would exceed the permitted limit.

The parties both live in the same home and the husband makes monthly payments on the mortgage of $93.99; payments for telephone of $7; water $3; gas $15; and light $7, or a total of $125.99 per month. These payments are necessary and because the property is owned by the entireties inure, at least one-half, to the benefit of the wife. We have decided that such payments must be taken into consideration in the computation of the limit prescribed by the act. *Scherer v. Scherer,* 191 Pa. Superior Ct. 450, 156 A. 2d 358 (1959).

Under the circumstances of this case where both parties occupy the same home it seems wise to insure the payment of these items by fixing responsibility on the husband for their payment as an integral part of the order. This should have been clearly stated by the court below as was done in the prior order.

This Court will not reverse except for a plain abuse of discretion. *Kordich v. Kordich,* supra. We therefore affirm the total amount but amend the manner of

payment in that the husband shall pay alimony to his wife in the sum of $212 per month and make all payments on the mortgage and other payments necessary for the maintenance of the home.

The argument that it is error to allow alimony pendente lite in such sum that the plaintiff will be tempted to delay her cause of action is without merit, as the defendant has adequate means to compel prompt disposal of the issue.

Order affirmed as amended.