Richabds W. Hannah, J.
This proceeding presents the issue of whether a husband can avoid paying an order of support for his wife by voluntarily retiring from his position. This issue also extends to a husband or father who threatens to retire to avoid an order of support being made against him. This practice affects the wives and children of men who retire upon social security benefits and pensions. Recently, this court has heard many men, ranging from the $80-a-week worker to the $36,000-a-year professional, say that because of their right to retire the obligation to support is terminated or radically decreased. In fact this has resulted in some wives and children being compelled to seek public assistance.
In this instance, the parties were married in Italy in 1927. Petitioner came to the United States with two children in 1937 while pregnant with the third child. Respondent came in 1947 after the war when his military had been completed.
Marital difficulties began in 1949, culminating in the parties deciding to live separately.
Respondent has been working as a bricklayer and construction worker. In 1949 the Domestic Relations Court ordered him to pay support for his wife and four children.
A history of this case indicates that respondent has been before the court on arrears complaints many times, and has been *969 found to be in violation of the court order. There have been several downward modifications of the original order when each of the children became self-supporting.
In 1966 respondent consented to an order to pay $15 a week for only the support of his wife. This amount was based upon his earnings of $80 per week. Petitioner, age 59, has continued to work, earning $59 net weekly as a cleaner in a building, although suffering from arthritis. Petitioner brought this complaint on arrears. Respondent who is 62 years old, claims to have retired and is receiving social security payments of $119.80 per month. He seeks to have the order of support terminated solely upon this ground. He claims to have no assets of any kind.
Section 412 of the Family Court Act provides that “ A husband is chargeable with the support of his wife and, if possessed of sufficient means, or able to earn such means may be required to pay for her support a fair and reasonable sum ’ The mere fact that respondent is eligible for retirement does not relieve him of this responsibility to support his wife.
The basis for awarding support has been recognized to be earning power rather than actual earnings. (Andrews v. Andrews, 166 Misc. 385; Tell v. Tell, 53 N. Y. S. 2d 94; “Lorenzo ” v. “ Lorenzo ”, 183 Misc. 46.) An excellent illustration of how far the courts have gone to enforce this very basic responsibility is set forth in “Jenkins” v. “Jenkins” (179 Misc. 905), where the parties were aged and living apart for over 40 years. Respondent husband had been in default under a separation agreement. Petitioner wife, who had obtained a judgment for breach of contract against the respondent, sought an order of support in the Domestic Relations Court. Respondent among other defenses contended that he was unable to support his wife due to advanced age and ill health. The court found that respondent had the obligation to support his wife irrespective of whether she is likely to become a public charge, and on the further ground that she was likely to become a public charge unless the husband, insofar as he could, discharge his obligation to afford support. The court went on to say that a husband who was ill and could move about only on crutches, and whose hospital and surgical care had been provided by friends, but whose earnings had been from $23 to $26 per week and who still had potential earning capacity is obligated to support his wife.
Courts in other jurisdictions are in accord. See Appleton v. Appleton (191 Pa. Super. Ct. 95, 100), where Judge Watkins stated “ This appellee cannot willfully now choose to retire from *970 gainful employment and deny Ms wife the alimony it is Ms duty to attempt to supply.” This decision was followed in Knutson v. Knutson (15 Wis. 2d 115).
In tMs instance, there is no evidence to indicate that respondent is unable to work. He has chosen to elect to accept social security at age 62 instead of age 65, thus advancing his retirement by 3 years. Moreover, under the Social Security Law he may work and earn up to $1,800 yearly if he so elects. Thus, it appears that the early retirement is due to a desire to avoid supporting the petitioner. Even if respondent elected to retire, he could still pay the order by earning up to $1,800.
Order continued; if the respondent is in arrears he is ordered to satisfy the arrears by a weekly additional payment of $3.